IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUARANTEED RATE, INC., | ) | CASE NO. 1:23-cv-04647 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANNMARIE EDWARDS, | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, GUARANTEED RATE, INC. (hereinafter "Guaranteed Rate"), by and through its counsel, and for its Amended Complaint against ANNMARIE EDWARDS ("Edwards"), states as follows:

**Nature of This Action**

1. This is an action by Guaranteed Rate against former employee Annmarie Edwards for breach of contract. Guaranteed Rate advanced Edwards a total of $100,000.00. Edwards was required to repay this amount in full if she did not remain employed with Guaranteed Rate for at least two years. If her employment terminated for cause prior to two years of continuous employment, Edwards agreed to repay the amount advanced. Edwards's employment ended after less than one year with Guaranteed Rate when she was terminated for cause. Despite repeated demands, Edwards has refused to repay Guaranteed Rate.

**Parties**

2. Guaranteed Rate is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. Edwards is an individual who resides in the County of Barnstable, Commonwealth of Massachusetts.

1

**Jurisdiction and Venue**

4. Guaranteed Rate and Edwards executed an employment agreement, titled "Compensation Terms – Loan Officer" (the "Compensation Plan"), whereby the parties agreed that the Compensation Plan would be governed by Illinois law and that the parties consented to the jurisdiction of courts in Cook County, Illinois:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regard to the conflicts of laws provisions therein. You irrevocably consent to the exclusive jurisdiction of the state and federal courts located in Cook County, Illinois, for the purposes of any action or proceeding relating to or arising out of this Agreement and/or your employment with the Company.

A true and correct copy of the Agreement is attached to this Amended Complaint as Exhibit A.[1]

5. Venue in this Court is proper because the Compensation Plan was executed by Guaranteed Rate in Cook County, its principal place of business. Defendant removed this matter from the Circuit Court of Cook County to the Northern District of Illinois pursuant to 28 U.S.C. § 1332(d) [Doc. 1].

**Facts Common to All Causes of Action**

6. Guaranteed Rate is in the business of originating, closing, and selling mortgage loans and related products.

7. On or about July 14, 2021, Edwards began her employment with Guaranteed Rate as a Loan Officer, and the parties executed the Compensation Plan, which governed the terms of Edwards's compensation and employment with Guaranteed Rate.

8. Edwards executed the Compensation Plan on July 8, 2021, and Guaranteed Rate Chief Operating Officer, Nikolaos Athanasiou countersigned on July 15, 2021. (Ex. A at 7, 16.)

---

[1] The Compensation Plan was amended from time to time by mutual, written agreement of both Guaranteed Rate and Edwards. None of the amendments to the Compensation Plan are relevant to this dispute.

9. Under the Compensation Plan, Guaranteed Rate agreed to advance Edwards a "Sign On Bonus" in the amount of $100,000.00 in two installments: $50,000.00 on the July 30, 2021 payroll date, and $50,000.00 on the September 15, 2021 payroll date, subject to certain terms and conditions (defined as "Sign On Bonus" in the Compensation Plan). (Ex. A at 4.)

10. Edwards agreed that the Sign On Bonus would constitute an advance of funds that remained subject to repayment unless and until Edwards achieved two years of continuous employment with Guaranteed Rate from the effective date of July 14, 2021. (Ex. A at 4.)

11. Edwards agreed that if she resigned her employment or was terminated for cause prior to the two-year anniversary of the effective date, she would be obligated to repay the advance of the Sign On Bonus to Guaranteed Rate within ten days of the last day of her employment. (*Id*.)

12. On August 3, 2021, Edwards executed a Promissory Note. A copy of the Promissory Note is attached as Exhibit B and is fully incorporated herein.

13. Under the Promissory Note, Edwards acknowledged that she had been advanced the sum of one hundred thousand dollars ($100,000.00) (defined as the "Principal Amount" in the Promissory Note) "before such money was earned and as a cash advance." (Ex. B § 1.) Edwards acknowledged further that "[t]his unearned cash advance is subject to repayment by Borrower except as specifically set forth below." (*Id*.) The event "set forth below" referenced in the Promissory Note was Edwards' continuous, uninterrupted employment with Guaranteed Rate for a period of two years from the effective date of the Promissory Note. (*Id*.). The effective date of the Promissory Note was July 14, 2021. (*Id*.)

14. Under the Promissory Note, if Edwards resigned her employment or was terminated for cause prior to the two-year anniversary of the effective date of the Promissory Note, Edwards

3

agreed to repay the Principal Amount and any applicable interest to Guaranteed Rate within ten days. (*Id*.)

15. In the event Edwards defaulted on the terms of the Promissory Note by failing to repay the Principal Amount to Guaranteed Rate within ten days as agreed, Edwards acknowledged that:

> [I]nterest on the Principal Amount due under this Note shall accrue at a rate of 9% per annum from the date of default, or, if such rate of interest may not be collected under applicable law, then at the maximum rate of interest which may be collected from Borrower under applicable law.

(Ex. B § 6.)

16. Edwards further agreed to reimburse Guaranteed Rate for "all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due." (*Id*. § 12.)

17. On or about July 30, 2021, Guaranteed Rate paid Edwards the first Sign On Bonus installment of $50,000.00.

18. On or about September 15, 2021, Guaranteed Rate paid Edwards the second Sign On Bonus installment of $50,000.00.

19. On July 15, 2022, Guaranteed Rate learned through a notification from the Nationwide Mortgage Licensing System ("NMLS") that Edwards had become the Qualifying Individual and Control Person, as those terms are defined by the NMLS, for a separate, competing mortgage lender called AVE, LLC.

20. Edwards did not notify Guaranteed Rate regarding her involvement with AVE, LLC before becoming a Qualifying Individual and Control Person for AVE, LLC through NMLS.

21. The act of becoming a Qualifying Individual and Control Person for a competing mortgage lender constituted a violation of Guaranteed Rate's policies, a violation of the terms and conditions of the Compensation Plan, and a violation mortgage industry standards and regulations.

22. As a result of Edwards' violation of applicable policies, agreements, standards, and regulations, Edwards was terminated for cause.

23. Having been terminated for cause, Edwards was required to repay the Sign On Bonus advanced to her within 10 days, a period which ended on July 25, 2022.

24. Guaranteed Rate demanded that Edwards repay the amounts due under the Promissory Note and Compensation Plan. Edwards refused to do so.

25. At or around the filing of this Amended Complaint, Edwards still owed Guaranteed Rate $100,000.00, exclusive of interest, fees, and costs.

26. To date, Edwards has failed to repay all amounts due and owing Guaranteed Rate, despite demand.

27. The Compensation Plan contains a provision allowing Guaranteed Rate to recover "its attorneys' fees and costs relating to any action to enforce, defend and/or prosecute this Agreement, including, without limitation, the costs of arbitration." (Ex. A at 15.)

28. The Promissory Note similarly states that Edwards "shall pay and/or reimburse [Guaranteed Rate] all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due." (Ex. B § 12.)

## COUNT I
## BREACH OF CONTRACT-
## COMPENSATION PLAN

29. Guaranteed Rate restates and re-alleges Paragraphs 1-28 of its Amended Complaint.

30. The Compensation Plan is a valid and enforceable contract between Guaranteed Rate and Edwards.

31. Pursuant to the explicit terms of the Compensation Plan, Edwards was to repay the Sign On Bonus to Guaranteed Rate within ten days in the event that she resigned or was terminated for cause prior to completing two years of continuous employment.

32. Edwards was terminated for cause on July 15, 2022, prompting her obligation to repay her Sign On Bonus within ten days thereof.

33. Despite Guaranteed Rate's demand, Edwards has failed to repay the Sign On Bonus.

34. Guaranteed Rate has performed all obligations under the Compensation Plan or is excused from performance under the present circumstances.

35. As of the date of this filing, Edwards has failed to repay Guaranteed Rate the amount of the Sign On Bonus advanced to but not earned by Edwards.

**WHEREFORE**, Guaranteed Rate, Inc. respectfully requests this Court to enter judgment in its favor and against Edwards, award Guaranteed Rate, Inc. compensatory damages in an amount in accord with the proofs, but in any event not less than $100,000.00, award Guaranteed Rate, Inc. prejudgment interest, award Guaranteed Rate, Inc. its attorney's fees, filing fees and costs related to this action, post-judgment fees and costs incurred in collecting on the judgment, and any other and further relief the Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT-
## PROMISSORY NOTE

36. Guaranteed Rate restates and re-alleges Paragraphs 1-28 of its Amended Complaint.

37. The Promissory Note is a valid and enforceable contract between Guaranteed Rate and Edwards.

38. Pursuant to the explicit terms of the Promissory Note, Edwards was to repay the Principal Amount advanced to her by Guaranteed Rate within ten days if she resigned or was terminated for cause prior to completing two years of continuous employment.

39. Edwards was terminated for cause on July 15, 2022, triggering her obligation to repay the Principal Amount within ten days thereof.

40. Despite Guaranteed Rate's demand, Edwards has failed to repay the Principal Amount.

41. Guaranteed Rate has performed all obligations under the Promissory Note or is excused from performance under the present circumstances.

42. As of the date of this filing, Edwards has failed to repay Guaranteed Rate the outstanding balance of the Principal Amount, $100,000.00.

**WHEREFORE**, Guaranteed Rate, Inc. respectfully requests the Court to enter judgment in its favor and against Edwards, award Guaranteed Rate, Inc. compensatory damages in an amount in accord with the proofs, but in any event not less than $100,000.00, award Guaranteed Rate, Inc. interest at a rate of 9% per the terms of the Promissory Note from the date of default, award Guaranteed Rate, Inc. its attorney's fees, filing fees and costs related to this action, post-judgment

fees and costs incurred in collecting on the judgment, and any other and further relief the Arbitrator deems just and equitable.

DATED: April 15, 2024          GUARANTEED RATE, INC.

*/s/ Wil LeCompte*
Lally Gartel
Wil LeCompte
3940 N. Ravenswood Ave.
Chicago, IL 60613
Tel: (773) 290-0553
Lally.gartel@rate.com
wil.lecompte@rate.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2024, a copy of the foregoing First Amended Complaint was filed via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Wil LeCompte*
Wil LeCompte
*Attorney for Plaintiff Guaranteed Rate, Inc.*